ON MOTION TO MODIFY.
The respondent and the intervener have joined in a motion asking us to so modify our judgment *Page 379 
herein that it will affirm, or direct the circuit court to affirm, the order of the Public Service Commission in so far as that order determines and prescribes the manner, including the particular point, of the crossing of the railroad by Oak Street. From suggestions offered in support of the motion it appears that it is the purpose of Kansas City, in its further efforts to bring about the construction of a viaduct at the proposed crossing, not to invoke the jurisdiction of the Commission to apportion the cost, but to institute a judicial proceeding to compel the Terminal Company to perform its alleged contractual obligation in that behalf. Such being the purpose of the city it is desirable, of course, if it may be properly done, that it be relieved of the expense and delay incident to the institution of another proceeding merely to have the Commission again go over grounds so thoroughly covered in the hearings already had and again determine and prescribe the manner, including the particular point, of crossing. Appellant, however, opposes the modification sought, and on these two principal grounds: First, that in a proceeding for a court review of an order of the Public Service Commission the statute does not permit of a partial affirmance or reversal. The order must be affirmed, or set aside, in its entirety. Second, that the order, even to the extent to which an affirmance of it is now sought, ought not to be permitted to stand, for these reasons, among others: The Commission did not of itself determine and prescribe the manner and particular point of crossing but merely approved the plans submitted by the city; the viaduct described in the order is unnecessarily wide, unnecessarily long and unnecessarily expensive; and it would interfere with the safe operation of the railroad company's team tracks and freight station, and reduce their capacity.
The statutory provision which appellant invokes as supporting its first ground of opposition to the motion to modify is as follows: "Upon such hearing (in a proceeding for review of an order of the Commission) the *Page 380 
circuit court shall enter judgment either affirming or setting aside the order of the commission under review." [Sec. 10522, R.S. 1919.] The purpose of the Legislature in enacting this provision is entirely free from doubt. It was to prevent a reviewing court from usurping the legislative or administrative functions of the Commission by substituting its orders for those of the Commission. The organic law no doubt imposes the same restraint, but the Legislature did not leave the question open. The courts of this State authorized to review orders of the Public Service Commission cannot replace its orders with those of their own, or even modify them. On review such orders must be affirmed as made, or else set aside. But it frequently happens that "the order . . . under review" is separable into a number of distinct orders which are in no wise dependent upon each other. In such case there can be no reason why a reviewing court should not affirm such of the orders as it finds to be lawful and reasonable and set aside the others. The order of the Public Service Commission under review in this case as finally amended and modified by supplemental orders, except as to certain formal matters, is as follows:
"Ordered: 1. That the city of Kansas City be and is hereby granted the permission of this Commission to extend Oak Street over and across the right of way, tracks and property of defendant by means of a viaduct at the point set out in its Ordinance No. 41448.
"Ordered: 2. That the Kansas City Terminal Railway Company be and it is hereby ordered to construct a viaduct and approaches thereto over and across its tracks, right of way and property at Oak Street, extended, in Kansas City, Missouri, in accordance with the `Second Modified Plan — Oak Street Viaduct — over Kansas City Terminal Railway Tracks', and at the point specified in ordinance of said City No. 41448.
"Ordered: 3. That the construction of the said Oak Street viaduct by the defendant shall be started within thirty days after the city of Kansas City shall have acquired *Page 381 
the right to extend Oak Street across the right of way and tracks of the defendant and shall be completed by defendant within twenty-four months after the beginning of the work as required herein.
"Ordered: 4. That the total cost of construction of said Oak Street viaduct and the maintenance of same be borne by the Kansas City Terminal Railway Company." By this "order" the Commission did two distinct things: (1) it determined and prescribed the manner, including the particular point, of crossing; and (2) it apportioned the cost. It determined and prescribed that the crossing should be effected by a viaduct constructed in accordance with the "second modified plan — Oak Street Viaduct — over the Kansas City Terminal Railway Tracks," and at the point specified in Ordinance No. 41448 of Kansas City; it apportioned the entire cost of construction and maintenance against the railroad company. There was nothing relating to theapportionment of cost that could have been properly considered by the Commission in determining the manner of crossing. And there is nothing to indicate that in such determination it was in fact influenced in any respect by considerations that entered into the apportionment of cost. As the manner of crossing as determined and prescribed was, and is, in no way dependent upon the apportionment of cost, the order under review can be set aside as to the latter without in any way affecting or modifying it in respect to the former.
A careful consideration of the evidence relating to the manner, including the particular point, of crossing does not lead to the conclusion that the order with respect thereto is either unlawful or unreasonable. We do not deem it necessary to review the evidence. During the hearing before the Commission the city, in order to meet defendant's criticisms that the viaduct was unnecessarily wide, unnecessarily long and unnecessarily expensive and that it would interfere with the operation of defendant's freight yard and station, offered a modification of the original plan as set forth in the ordinance. *Page 382 
After the hearing was concluded it tendered a second modified plan which went still further in reducing the cost and in eliminating objectionable features. Defendant on its own part, however, though repeatedly invited to do so, never submitted plans of its own or made any suggestion looking to the improvement of those offered by the city. The Commission in its report says:
"The defendant submitted no plans or specifications of a viaduct and only criticised the plans and specifications proposed by the city to the extent of showing where the viaduct would interfere with the use of its team tracks, except that it made the general criticism that the viaduct proposed was unnecessarily long and expensive. It offered no suggestions, however, of how the viaduct might be shortened or the cost thereof reduced."
With this general attitude of the defendant in mind we said in the original opinion, "Appellant makes no complaint of the manner, including the particular point, of the crossing, as determined and prescribed by the order of the Commission," and we are inclined to still adhere to that statement though appellant protests that it does not describe its position "with strict accuracy."
In view of the foregoing the motion to modify is sustained. The judgment of the circuit court is reversed and the cause remanded with directions to that court to affirm the order of the Public Service Commission in so far as such order determines and prescribes the manner, including the particular point, of the crossing therein referred to, and to set it aside as to all other matters with which it deals. Our original judgment herein is modified accordingly. All concur. *Page 383